JAMES R. NUGENT, RESPONDENT, v. STEWART LINDSLEY
ET AL., APPELLANTS.

Submitted December 5, 1921—Decided March 6, 1922.

1. In an action of ejectment, the plaintiff must show a right of possession in himself or by someone from whom his title comes. A deed to the plaintiff from a person not appearing to have had title or possession is insufficient.
2. In an action of ejectment, the plaintiff must depend upon the strength and validity of his own title; he cannot rely upon the weakness of that of his adversary.
3. There is an inference of fact that identity of name indicates an identity of person. It creates a *prima facie* presumption of the identity of the person.
4. Since the record as a whole imports verity, every part of it is admissible to prove that which it legitimately sets forth in controversies with third persons.

On appeal from the Essex County Circuit Court.

For the appellants, *John Francis Cahill* and *Herbert Boggs*.

For the respondent, *James R. Nugent, pro se.*

The opinion of the court was delivered by

BLACK, J. This is an action of ejectment. The land involved in the suit is a piece or tract of some six acres of salt meadow in the city of Newark. The plaintiff says his right to the possession accrued on August 17th, 1918. The issues involved were tried at the Essex Circuit, resulting in a verdict for the plaintiff. The appellant files six grounds of appeal—two, error in admitting evidence; three and four, error in refusing to nonsuit the plaintiff or direct a verdict in favor of the defendant; five and six, error in the charge of the trial judge.

Our examination of the record leads us to the conclusion that the fundamental and meritorious question involved in

this case is whether the plaintiff had shown a right of possession by himself or by someone from whom his title comes. That this must be proved is a settled and fundamental rule in New Jersey in actions to recover the possession of land. *Troth* v. *Smith*, 68 *N. J. L.* 36; *Licari* v. *Carr*, 84 *Id.* 345, 347. A deed to the plaintiff from a person not appearing to have had title or possession is insufficient. *Rollins* v. *Atlantic City Railroad Co.*, 70 *Id.* 664. There is evidence of acts of possession in the record. *Calatro* v. *Chabut*, 72 *Id.* 458; 9 *R. C. L.* 851, ¶ 21. The trial judge submitted this question clearly to the jury thus: "Now, gentlemen, it will be for you to say whether or not these things that were done by these people, who are admittedly the predecessors in paper title of the plaintiff, Mr. Nugent, in this case, constituted acts of possession in this property. * * * On the other hand, if you decide that he had failed to show possession of the property by someone from whom he claims title, then your verdict must be for the defendant."

So, the trial judge in the charge to the jury recognized a fundamental principle of law in this class of cases, that "it is a well-known principle of law that in a case of this kind the plaintiff must depend upon the strength of his own title and that he cannot rely upon the weakness of that of his adversary." *Meyers* v. *Conover*, 65 *N. J. L.* 187; 9 *R. C. L.* 838, ¶ 12.

We find no error in the charge of the trial judge. We also think this disposes of grounds three and four and render it quite unnecessary to enter upon any extended discussion of the other two grounds of appeal, as they are without legal merit, but a few words as to each may not be amiss. *Exhibit P 14.* The record in the Court of Chancery in a partition suit of Emeline W. Clegg, complainant, and James Ward Feckner et al., defendants, was admitted in evidence. This was not error. *Den* v. *Hamilton*, 12 *N. J. L.* 109. In that case, it was said, where a judgment of a court of law, or a decree of a Court of Chancery, forms a link in a chain of title, the fact of the existence of such a judgment or decree

may be shown by the record, in controversies with third persons, as well as with parties. It is no more liable to objections than the deeds of conveyance. Since the record as a whole imports verity, every part of it is admissible to prove that which it legitimately sets forth. 17 *Cyc.* 303; 22 *C. J.* 799, ¶ 910; 23 *Cyc.* 1288.

The will of Jeremiah Baldwin was admitted in evidence. *Exhibit P 2.* The record is not clear on what grounds the objection was made to the admission of this exhibit. If improperly admitted, it was not prejudicial to the defendant. If the objection is, there was no proof that the name of the testator, Jeremiah Baldwin, was the same person as the grantee in the deed. *Exhibit P 1.* There is an inference of fact that identity of name indicates an identity of person. It creates a *prima facie* presumption of the identity of the person. *Stebbins* v. *Duncan,* 108 *U. S.* 32; *Green* v. *Heritage,* 63 *N. J. L.* 455.

Especially where the presumption of identity is invoked as an aid in tracing titles to land. 16 *Cyc.* 1055; 22 *C. J.* 92, ¶ 32; 10 *R. C. L.* 877, ¶ 23.

The admission in evidence of the will and probate proceedings of Methuselah Baldwin is not made a ground of appeal, although the point is argued in the appellant's brief.

Finding no error in the record the judgment of the Essex Circuit Court is affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.    16.

*For reversal*—None.